**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEREK JAMES ADAMS,

      Plaintiff,

v.                                                              Case No. 8:08-CV-1461-T-30MSS

MANATEE COUNTY SHERIFF'S
OFFICE, et al.,

      Defendants.

                                /

## ORDER

Plaintiff, an inmate at the Manatee County Jail ("MCJ"), filed a civil rights complaint

*pro se* on July 30, 2008 (Dkt. 1), and an Affidavit of Indigency in support of his request to

proceed in this action *in forma pauperis* (Dkt. 2).  His complaint relates to events which

occurred on July 2, 2008, during his confinement at MCJ.  Plaintiff names the Manatee

County Sheriff's Department, Deputy Angel Aviles, and Deputy Matthew Gardieff as

defendants.

**Standard of Review**

Because Plaintiff filed this action against a governmental entity and employees of a

governmental entity while incarcerated, the Court is required to screen his action under 28

U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner
> seeks redress from a governmental entity or officer or employee of a
> governmental entity. . . .  On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid.  *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

2

## Background

In his complaint, Plaintiff alleges the following:

Statement of Claim: I was subjected to (police brutality) with (assessive [sic] force). I was wrongly injuried [sic] in and on the grounds of the Manatee County Jail, with the Manatee County Sheriff Office. (Dkt. 1 at p. 8).

Statement of Facts: My name is Derek James Adams, on 7/2/08, the Manatee County Sheriff Department was conducting a shake down in the (S)pod East side of the Port Manatee County Jail in which I was wrongfully and seriously injuried [sic] in and on the grounds of the Port Manatee County Jail, by the Manatee County Sheriff Office that runs the jail. I was brutally attack [sic] by Deputy Aviles and Deputy Gardieff with assessive [sic] force for trying to explain to Deputy Aviles that my left hand is handicap [sic]. In which [sic] I looked over my left shoulder to Deputy Aviles and started to explain to him why my left hand was not flat on the wall, in which [sic] Deputy Aviles was not willing to listen to my explanation, but over reacted by screaming real loud for me to keep my hands flat on the wall.  At that time I was throwed [sic] to the ground with assesive [sic] force and I felt the nees [sic] of Deputy Aviles in my lower part of my back as he (Deputy Aviles) pressed his nees [sic] real hard in my back, and I did not move or say one word, but I laid on the ground face down in serious pain as Deputy Aviles hand cuffed me.  I was escorted to (D) pod and then to the medical ward where I spent a few days and the doctor gave me medicine for the swelling and pain, he also took x-rays in which my back is still in pain and is swollen in which I have been wrongfully injuried [sic] do [sic] to my handicap problem and the sheriff office is trying to justify them jumping on me. (Dkt. 1 at pp. 8-9)

Relief Requested: I am asking for one million five hundred thousand dollars (1,500,000.00) for any and all suffering here and now and for any pain and suffering in the future (or) for any future doctor visits [sic] bills (or) any surgery I may need.  (Dkt. 1 at p. 10).

## Discussion

In any § l983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).   If either element is missing, the complaint fails.   In addition, for liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal connection between the Defendants' conduct and the constitutional deprivation.  *See Swint v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

"In any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998).  In addition to identifying the constitutional right at issue, a § 1983 complaint must be well-pled.  Vague and conclusory allegations lacking factual support cannot support a viable § 1983 cause of action.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  A claim that an inmate has been physically assaulted by a correctional officer states a claim upon which relief may be obtained.  *See Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987).  "Whenever prison officials stand accused of using excessive

4

physical force constituting 'the unnecessary and wanton infliction of pain' violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1-2 (1992); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005)(where an Eighth Amendment claim is based upon allegations of excessive force, the question turns on whether the prison guard's force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm).  To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted).  Moreover, every "malevolent touch by a prison guard [does not] . . . give rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). "The Eighth Amendment's prohibition on 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort 'repugnant to conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted).

Here, Plaintiff's action is subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Complaint does not allege that

the force used was "sadistically and maliciously applied for the very purpose of causing harm." Deputies Aviles and Gardieff were conducting a shakedown of Plaintiff's cell, Plaintiff was ordered to place his hands on the wall, and Deputy Aviles proceeded to pat down Plaintiff (Dkt. 1 at p. 12). Plaintiff then attempted to look over his shoulder and removed his hands from the wall (Id.). Deputies Aviles and Gardieff then took Plaintiff down to the ground, and Deputy Aviles pressed his knees on Plaintiff's back and placed handcuffs on Plaintiff (Dkt. 1 at pp. 9, 12-13). "[W]e are not to view the matter as judges from the comfort and safety of our chambers, fearful of nothing more threatening than the occasional paper cut as we read a cold record accounting of what turned out to be the facts. We must see the situation through the eyes of the officer on the scene who is hampered by incomplete information and forced to make a split-second decision between action and inaction in circumstances where inaction could prove fatal." *Crosby v. Monroe County*, 394 F.3d 1328, 1333-34 (11th Cir. 2004). Plaintiff's actions of turning his head and removing his hands from the wall while Deputy Aviles was patting him down during a shakedown of Plaintiff's cell reasonably could have been perceived by Deputies Aviles and Gardieff as a threat to their safety under the circumstances.

The type and amount of force used in this incident is not of a sort 'repugnant to conscience of mankind.'" *Hudson*, 503 U.S. at 9-10. As noted by the United States Supreme Court, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights". *Id*. at 9 (quoting *Johnson*, 481 F.2d at 1033). Accordingly, the allegations in the Complaint are insufficient to support a §

1983 claim against Deputies Aviles and Gardieff.

**Claim against Manatee County Sheriff's Office**

"A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom). To attribute liability to the Sheriff's Department, Plaintiff must demonstrate that it had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiff fails to identify with specificity any policies, customs, or procedures instituted by the Sheriff's Department that led to his injuries.  Accordingly, the allegations in the Complaint are insufficient to support a § 1983 claim against the Sheriff's Department.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted (Dkt. 1).

2.      The Clerk of Court shall enter judgment against Plaintiff, terminate all pending

motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2008.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*